Charles R. Zeh, Esq.
Nevada Bar No. 001739
The Law Offices of Charles R. Zeh, Esq.
575 Forest Street, Suite 200
Reno, NV 89509
Telephone: 775.323.5700
Facsimile: 775.786.8183
e-mail: crzeh@aol.com

*Attorneys Reno Housing Authority*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Joaquin Roces, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Reno Housing Authority and Does 1 through 50, inclusive,<br><br>Defendant(s). | Case 3:15-cv-00408-RCJ-WGC<br><br><br><br>**ANSWER** |

The Housing Authority of the City of Reno, by and through its legal counsel, Charles R. Zeh, Esq., the Law Offices of Charles R. Zeh, Esq., in answer to the plaintiff's complaint, admits, denies and alleges as follows:

**JURISDICTION AND VENUE**

1. Paragraphs 1 through 3 of the complaint consist of legal conclusions warranting no responsive pleading. In the event a responsive pleading is required, the defendant, the Housing Authority of the City of Reno (RHA) has insufficient information with which to admit or deny the allegations contained in paragraphs 1 through 3 and, therefore, denies the same.

2. The RHA admits the allegations in paragraph 4.

3. The RHA denies the allegations of paragraph 5.

///

///

Answer                                                                                   September 14, 2015

## PARTIES

4.  The RHA admits as alleged in paragraph 6, that the plaintiff is a natural person and a resident of the State of Nevada. The RHA denies the remaining allegations of paragraph 6.

5.  In answering paragraph 7, the RHA points out that its formal name is the Housing Authority of the City of Reno. The RHA admits it is a municipal corporation under Chapter 315 of the Nevada Revised Statutes. The remaining allegations of paragraph 7 consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, the RHA has insufficient information with which to admit or deny the remaining allegations of paragraph 7.

6.  The RHA has insufficient information with which to admit or deny the allegations of paragraph number 8 of the complaint and, therefore, denies the same.

## SUMMARY OF ALLEGATIONS

7.  The RHA admits as alleged in paragraph 9 that it entered into a written agreement with the plaintiff by which the plaintiff was allowed to reside in one of its apartments without paying rent in exchange for performing certain services on behalf of the RHA. The RHA denies the remaining allegations of paragraph 9.

8.  The RHA admits as alleged in paragraph 10 that the plaintiff has attached the "Live In" agreement to his complaint as Exhibit A.

9.  Paragraphs 11, 12, 13 and 14, appear to consist of legal conclusions warranting no responsive pleading. If a responsive pleadings is required, the RHA denies the allegations of paragraphs 11, 12, 13 and 14.

10. Answering paragraph 15, the Live In Agreement speaks for itself and is to be referred to for addressing vacations and holidays. The RHA denies the remaining allegations of paragraph 15.

11. Answering paragraph 16, the Live In Agreement again, speaks for itself. Notwithstanding, the RHA denies each and every remaining allegation of paragraph 16.

12. The RHA denies each and every allegation set forth in paragraph 17.

///

13. Answering paragraph 18, this paragraph appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, the RHA denies the allegations in paragraph 18.

14. Answering paragraphs 19, 20 and 21, these paragraphs appear to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, the RHA denies the allegations in paragraphs 19, 20 and 21.

15. Answering paragraph 22, the RHA denies that the rental value of the unit where plaintiff resided would be valued at $600 a month and the RHA denies that it was a two-bedroom unit. The remaining allegations of paragraph 22 appear to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, the RHA denies the remaining allegations of paragraph 22.

16. Answering paragraphs 23 and 24, the RHA assumes that the mathematics reflected in these two paragraphs purport to be correct. The RHA, however, denies that the allegations of paragraphs 23 and 24 have any application to the plaintiff in this matter. The RHA, therefore, denies the remaining allegations of paragraphs 23 and 24.

## FACTUAL ALLEGATIONS

17. The RHA admits as alleged in paragraph 25 that it currently owns and manages approximately 764 public housing units, in 8 different locations and over 100 rental properties intended for low income housing. The remaining allegations of paragraph 25, appear to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, the RHA denies the remaining allegations of paragraph 25.

18. The RHA admits as alleged in paragraph 26 that it had entered into an agreement with the plaintiff which is attached as Exhibit A to the plaintiff's complaint. The document, however, speaks for itself. Accordingly, the RHA denies the remaining allegations of paragraph 26 to the extent they are at variance with Exhibit A.

19. The RHA admits that the mathematics set forth in paragraphs 27, 28 and 29, may be correct, but denies that the mathematics has any applicability to the plaintiff in this matter. The RHA denies the remaining allegations of paragraph 27, 28 and 29.

20. In answering paragraph 30, the RHA admits that there are other Live Ins with whom the RHA has entered into written agreements to perform certain services on behalf of the RHA. The RHA denies the remaining allegations of paragraph 30.

21. Paragraph 31 appears to consist of a legal conclusion warranting no responsive pleading. If a responsive pleading is required, the RHA denies the allegations of paragraph 31.

22. The RHA denies each and every allegation set forth in paragraph 32, save and except that the plaintiff was obligated to be "on call" as set forth in the Live In agreement between the plaintiff and the RHA.

23. Answering paragraph 33, the RHA admits that the Live In agreement makes referenced to a response time of 15 minutes. The RHA denies each and every other allegation set forth in paragraph 33.

24. Answering paragraph 34, the RHA denies the allegations set forth therein. The plaintiff was neither a watchman, guard, maintenance person nor a handyman as alleged.

25. The RHA admits as alleged in paragraph 35 that the plaintiff has quoted, in part, portions of the Live In Agreement, Exhibit A, attached to the complaint. The contract, however, speaks for itself and contains more language than that which is quoted in paragraph 35. If there are any allegations, however, contained in paragraph 35, the RHA denies those allegations.

## COLLECTIVE ACTION ALLEGATIONS

26. The RHA incorporates by reference its responses to paragraphs 1 through 35 as if set forth fully herein.

27. Answering paragraph 37, this paragraph appears to consist of legal conclusions warranting no responsive pleading, although the RHA would admit that the plaintiff purports to bring this action on behalf of himself and other purportedly similarly situated persons as a collective action under the FLSA. The balance of this paragraph appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, the RHA denies the allegations of paragraph 37.

///

///

28. Paragraphs 38 and 39 appear to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, the RHA denies the allegations of paragraph 38 and 39.

29. In answering paragraph 40, the paragraph makes reference to a plaintiff whose gender is female in that it refers to "she" throughout and on that basis, the RHA denies each and every allegation set forth in paragraph 40 and its subsections. The RHA has no knowledge of a "she" as a plaintiff in this case. In addition, paragraph 40 and each of the subsections, A through M, consist of an admixture of legal conclusions, speculation and inaccurate statements that are inextricably interwoven and defy a responsive pleading. On that basis, also, the RHA denies the allegations of paragraph 40. That being said, the RHA currently is under contract with other "Live Ins" who receive a rental unit with no actual payment of rent by cash, check or other medium of exchange in exchange for services rendered. RHA admits also that the contract, Exhibit A, attached to the plaintiff's complaint makes reference to a 15 minute period of time. The RHA has no idea what is meant as alleged in paragraph "40 K, " that the plaintiff has filed or will file "her" consent to sue with the Court and, therefore, denies this allegation. The RHA further denies each allegation set forth in paragraphs 40 C, D, with the exception of the 15 minute reference, E, F, G, H, K, L and M. Also, paragraph 40 M appears to consist more of a speech or statement than any actual allegations. The RHA denies, however, the allegation that it wilfully fails to pay employees properly, without admitting that the plaintiff, himself, is an employee. Paragraph 40 I appears to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, the RHA denies the allegations of paragraph 40 I. The RHA has insufficient information with which to admit or deny the remaining allegations of paragraph 40 A through M and, therefore, denies the same.

30. Answering paragraph 14, this paragraph is misnumbered and appears to come from some other pleading in a different case. It also appears to consist of legal conclusions warranting no responsive pleading or a forecast of future efforts on the part of the plaintiff in this case. If a responsive pleading under those circumstances is warranted, the RHA denies the allegations of paragraph 14. (Which, next in order should have been paragraph 41).

## FIRST CAUSE OF ACTION

### Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, *et seq.*

31. Responding to misnumbered paragraph 15, the RHA incorporates by reference its responses to each of the preceding paragraphs as if set forth fully herein.

32. Answering misnumbered paragraphs 16, 17 and 18, they appear to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, the RHA denies the allegations of misnumbered paragraphs 16, 17 and 18.

33. Answering misnumbered paragraphs 19, 20 and 20, the RHA denies each and every allegation set forth therein.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207

34. Answering misnumbered paragraph 22, the RHA incorporates by reference its responses to each of the preceding paragraphs as if set forth fully herein.

35. Answering misnumbered paragraphs 23 and 24, these paragraphs consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, the RHA denies the allegations of misnumbered paragraphs 23 and 24.

36. The RHA denies each and every allegation set forth in misnumbered paragraphs 25, 26 and 27.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages in Violation of the Nevada State Constitution

37. Answering misnumbered paragraph 28, the RHA incorporates by reference its responses to each of the preceding paragraphs as if set forth fully herein.

38. Answering misnumbered paragraphs 29, 31, 32, 33, 34, 36 and 37, they appear to consist of legal conclusions warranting no responsive pleading. If a responsive pleading is required, however, the RHA denies each and every allegation set forth in paragraphs 29, 31, 32, 33, 34, 36 and 37.

39. The RHA admits the allegations set forth in misnumbered paragraphs 30 and 35.

///

40. The RHA denies each and every allegation set forth in misnumbered paragraph 38.

41. All other allegations in the complaint not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's complaint and each purported cause of action therein, or some of them, fail to state a claim upon which relief could be granted.

### Second Affirmative Defense

Plaintiff herein has failed to mitigate any damages and/or losses claimed to have been suffered by plaintiff.

### Third Affirmative Defense

Any award of punitive damages would be in violation of the Fifth and Fourteen Amendments of the Constitution of the United States as well as the Nevada Constitution.

### Fourth Affirmative Defense

Without admitting the existence of an agreement as alleged in plaintiff's complaint, and without admitting that plaintiff is entitled to recover any damages whatsoever, the answering defendant alleges that plaintiff's claims are founded upon a contract and, therefore, plaintiff is not entitled to recover punitive damages.

### Fifth Affirmative Defense

Defendant is entitled to a set off for damages suffered by defendant as a result of the free rent compensation received by plaintiff.

### Sixth Affirmative Defense

The RHA denies that it employed the plaintiff in any capacity.

### Seventh Affirmative Defense

The RHA avers that the plaintiff was retained as an independent contractor by the RHA.

### Eighth Affirmative Defense

Even if plaintiff was an employee of the RHA, his hours of actual work for the benefit of the RHA did not exceed 20 hours per week, including any so-called "on-call" time.

### Ninth Affirmative Defense

The apartment provided the plaintiff under the Live-In Agreement was a three bedroom unit with a fair market value for rent of approximately $1,100 per month.

### Tenth Affirmative Defense

Whether considered an independent contractor or an employee, the plaintiff was compensated more than either the Federal or State of Nevada minimum wage.

### Eleventh Affirmative Defense

The so-called "on-call" time was predominantly for the plaintiff's benefit and the actual time worked during the so-called "on-call" periods was nominal.

### Twelfth Affirmative Defense

The "15 minute" response time was not rigorously enforced and the plaintiff was not disciplined if he failed to respond within the 15 minute guideline.

### Thirteenth Affirmative Defense

The plaintiff could have gone to work at another full-time job, gone to school, or both, while continuing to hold down the "live-in" position with the RHA as an independent contractor.

### Fourteenth Affirmative Defense

The defendant denies that class certification is appropriate under the FLSA or any other basis.

### Fifteenth Affirmative Defense

The purported class that the plaintiff wishes to have certified is not so numerous as to make joinder impractical of the individual purported class members.

### Sixteenth Affirmative Defense

The purported class that the plaintiff wishes to have certified does not have common questions of law or fact with any appropriate class.

### Seventeenth Affirmative Defense

The RHA denies that class certification is appropriate or that any class notice should be sent to any putative class members.

///

### Eighteenth Affirmative Defense

The RHA denies that the plaintiff is an adequate or appropriate class representative.

### Nineteenth Affirmative Defense

The RHA denies that the plaintiff's claims are typical of the class he purports to represent or to which he claims he belongs.

### Twentieth Affirmative Defense

Plaintiff's complaint and each purported cause of action therein, or some of them, are barred because the plaintiff and the putative class members are exempt from receipt of overtime compensation pursuant to one or more exemptions contained in FLSA, 29 U.S.C. §§ 201, *et. seq.*

### Twenty-First Affirmative Defense

The plaintiff's complaint and each purported cause of action therein, or some of them, are barred by the applicable statute of limitations as to all claims of the plaintiff or any putative class members for overtime allegedly earned more than two years prior to the filing of the complaint. *See*, 29 U.S.C. § 260.

### Twenty-Second Affirmative Defense

Plaintiff's complaint and each purported cause of action therein, or some of them, are limited as there must be excluded from any overtime allegedly due the plaintiff or the putative class members those aspects of such individual's remuneration as are excluded from the regular rate of pay. *See*, 29 U.S.C. § 207(e).

### Twenty-Third Affirmative Defense

Plaintiff's complaint and each purported cause of action therein, or some of them, are limited as the RHA reasonably and in good faith believed that the plaintiff and the putative class members were exempt from the receipt of overtime compensation. *See*, 29 U.S.C. § 255.

### Twenty-Fourth Affirmative Defense

The plaintiff's contract with the RHA was not terminated. Rather, the agreement was allowed to expire without being renewed.

///

///

### Twenty-Fifth Affirmative Defense

The plaintiff had no justifiable expectation that his agreement with the RHA would be renewed.

### Twenty-Sixth Affirmative Defense

Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of defendant's answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry and, therefore, defendant reserves the right to amend this answer to allege affirmative defenses in subsequent investigation warrants the same.

WHEREFORE, defendant prays for judgment as follows:

1. For dismissal of the complaint with prejudice;

2. For the award of its attorneys' fees and costs; and

3. For such other and further relief as the Court may deem proper in the premises.

Dated this 14th day of September, 2015.

The Law Offices of Charles R. Zeh, Esq.

By: _____
Charles R. Zeh, Esq.

S:\Clients\Reno Housing Authority\Roces Joaquin\Pleadings\Answer R7.wpd

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing ANSWER was made through the court's electronic filing and notice system (CM/ECF) or, as appropriate, by first class mail from Reno, Nevada, addressed to the following on September 14, 2015.

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
Leah L. Jones, Esq.
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV 89511

*Karen Kennedy*
An Employee of the
Law Offices of Charles R. Zeh, Esq.

S:\Clients\Reno Housing Authority\Roces Joaquin\Pleadings\Answer R7.wpd

Answer                          11                          September 14, 2015