**THIERMAN BUCK LLP**
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada  89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOAQUIN ROCES, JUAN LOPEZ, and JUDITH LOPEZ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RENO HOUSING AUTHORITY and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 3:15-cv-00408-RCJ-WGC<br><br>**QUALIFIED HIPAA PROTECTIVE ORDER** |

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any medical diagnosis, tests, and/or treatment information relating to the past or present medical conditions of Mr. Joaquin Roces (or the decedent or the ward of a party who sues in a representative capacity) and Mrs. Judith Lopez (or the decedent or ward of a party who sues in a representative capacity).

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendant at a deposition or trial to disclose the Protected Health Information in response to such request or subpoena.  This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA.  45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action.  Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action.  See 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

This Order does not authorize either party to seal court filings or court proceedings.  The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

IT IS SO ORDERED on this 27th day of January, 2016.

_____
WILLIAM G. COBB
United States Magistrate Judge