# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOAQUIN ROCES et al.,

    Plaintiffs,

vs.

RENO HOUSING AUTHORITY,

    Defendant.

3:15-cv-00408-RCJ-WGC

**ORDER**

This is a consolidated employment action, primarily for the collection of unpaid wages under the Fair Labor Standards Act ("FLSA") and Nevada law. On March 27, 2018, the Court granted summary judgment in favor of Defendant Reno Housing Authority ("RHA") on all of Plaintiffs' claims. (Order, ECF No. 115.) A final judgment was entered on April 18. (J., ECF No. 120.) Now pending before the Court is Plaintiffs' objection to RHA's bill of costs. (Obj., ECF No. 121.) For the reasons given herein, the Court sustains the objection in part.

**I.   LEGAL STANDARDS**

Federal Rule of Civil Procedure 54 provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* LR 54–1(a) ("Unless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs."). The Ninth Circuit has repeatedly made it clear that Rule 54(d) creates a presumption in favor of awarding costs to

prevailing parties, and thus it is the losing party's burden to show why costs should not be allowed. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). However, it is the party seeking costs who bears the burden of proving *the amount* of taxable costs. *Allison v. Bank One–Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002).

## II. ANALYSIS

### a. Whether RHA is entitled to an award of costs under Rule 54(d)

As an initial matter, there is no question that RHA is the prevailing party here. The Court's summary judgment in this case fully disposed of all claims in RHA's favor. However, Plaintiffs argue that it is inappropriate to award RHA its taxable costs because "the FLSA only allows for fees and costs to prevailing plaintiffs." (Obj. 2, ECF No. 121.) Therefore, according to Plaintiffs, "the FLSA's fee and cost shifting mechanism categorically foreclose[s] an employer-Defendant from recovering costs." (*Id.* at 4.) Plaintiffs are simply incorrect on this point. According to the plain language of Rule 54(d), costs should generally be awarded to the prevailing party in all cases "[u]nless a federal statute, these rules, or a court order provides otherwise." Therefore, because the FLSA says nothing of costs in the case of a prevailing defendant, its remedial scheme cannot be said to preclude application of Rule 54(d). *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 387–88 (2013) (holding that where a statute is "not contrary to Rule 54(d)(1)," it "does not displace a district court's discretion to award costs under the Rule"); *Mach v. Will Cty. Sheriff*, 580 F.3d 495, 500–01 (7th Cir. 2009) (analogously discussing the ADEA's remedial scheme in the context of an award of attorneys' fees to a prevailing defendant). Indeed, the Rule appears to be directed, at least in part, to the very situation presented here, where an operative statute's remedial scheme neither provides for no prohibits an award of litigation costs to a prevailing party. Furthermore, federal courts in this Circuit have commonly awarded costs to prevailing defendants in FLSA actions. *See, e.g.*, *Ruiz v. APCO*

*Const.*, No. 2:10-cv-1312, 2014 WL 4402379, at *4 (D. Nev. Sept. 5, 2014) (Dorsey, J.) (awarding reasonable costs to prevailing defendant in FLSA action); *Taylor v. AutoZone Inc.*, No. CV 10-8125, 2012 WL 2357379, at *3 (D. Ariz. June 20, 2012) (Martone, J.) (affirming clerk's taxation judgment against plaintiffs in FLSA action); *In re Farmers Ins. Exch. Claims Representatives Overtime Pay Litig.*, No. MDL 33-1439(A), 2009 WL 3834034, at *1 (D. Or. Nov. 13, 2009) (Jones, J.) (awarding costs to defendant that prevailed on FLSA claims).

Plaintiffs also make essentially the same argument with respect to their state-law claims: that Nevada's Minimum Wage Amendment provides only that a prevailing employee shall be awarded reasonable attorneys' fees and costs, and is silent on whether costs may be awarded to a prevailing defendant. (Obj. 2, ECF No. 121.) This argument is flawed, however, because an award of standard costs under Rule 54(d) is a procedural matter, and is therefore governed by federal law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) ("An award of standard costs in federal district court is normally governed by [Rule] 54(d), even in diversity cases."); *Kolb v. Turner*, No. 1:07-cv-0262 OWW DLB, 2008 WL 5478575, at *13 (E.D. Cal. Dec. 31, 2008) ("Although federal jurisdiction in this case is based upon diversity, because the taxation of costs pursuant to [Rule] 54(d)(1) is a procedural matter, federal law applies."); *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176 (10th Cir. 2000) ("Under the rules of *Erie* and *Hanna*, Rule 54(d)(1) will trump a state cost shifting provision.").

Lastly, Plaintiffs ask the Court to exercise its discretion not to tax costs in favor of RHA in this case based on a number of factors—a list of six reasons for which the Ninth Circuit has approved a denial of costs in various cases. (Obj. 4–9, ECF No. 121.) Of course, the Court is not required to give reasons for awarding costs under Rule 54.

> Although a district court must "specify reasons" for its *refusal* to tax costs to the losing party, [the Ninth Circuit has] never held that a district court must specify reasons for its *decision* to abide the presumption and tax costs to the losing party. The distinction is critical. A district court deviates from normal practice when it

refuses to tax costs to the losing party, and that deviation triggers the requirement to "specify reasons."

*Save Our Valley*, 335 F.3d at 945 (emphasis in original). Accordingly, there is no multi-factor analysis or balancing test a court must consider in deciding to abide the presumption to tax costs. Ultimately, a court "need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." *Id.* at 946.

Here, the Court is not persuaded by Plaintiffs' arguments. This case did not raise particularly close or difficult issues and did not involve matters of important public interest. Resolving Plaintiffs' claims was primarily a matter of applying facts to settled principles of law. The fact that the none of Plaintiffs' claims survived summary judgment, despite the Court construing all disputed facts in the light most favorable to Plaintiffs, demonstrates the rather "ordinary" nature of the case. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (in denying costs, a court must "explain why a case is not 'ordinary'"). Neither do the Plaintiffs' apparent good faith or earnest effort in litigating their claims provide a sufficient reason to set aside the presumption of Rule 54(d). *See, e.g.*, *Popeil Bros. v. Schick Elec., Inc.*, 516 F.2d 772, 776 (7th Cir. 1975) (That the losing party . . . is in fact conducting himself as he is expected and required to conduct himself, does not create any equities defeating the presumption that the prevailing party collect the costs due to him 'as of course.'"). Furthermore, Plaintiffs have submitted no affidavits or other evidence to establish their finances and show they would be unable to pay an award of costs.

Therefore, Plaintiffs have not identified any reason to depart from the presumption of Rule 54(d) in favor of awarding costs to prevailing parties, and the Court will thus tax RHA's costs to Plaintiffs in the amount authorized by applicable federal rules and statutes.

**b. Whether the costs billed by RHA may be taxed**

RHA requests an award of $34,425.56 in taxable costs. (Resp. 22–23, ECF No. 127.) For the following reasons, the Court finds Plaintiffs have demonstrated that this amount must be reduced.

**i. Fees for service of summons and subpoenas**

RHA seeks $240 under this category. The Court is satisfied that this amount reflects actual and reasonable costs of process service in this case, and is therefore taxable.

**ii. Fees for printed or electronically recorded transcripts**

RHA seeks $21,663.58 in deposition-related expenses, primarily for the cost of written transcripts. Under Local Rule 54-4, a prevailing party may tax the cost of one deposition transcript, "either the original or a copy, but not both, whether taken solely for discovery or for use at trial," as well as "[r]easonable costs of a deposition reporter and the notary or other official presiding at the deposition including travel, where necessary, and subsistence." However, attorney costs, expenses in arranging for and attending a deposition, postage and delivery fees, and costs for special formatting or production of transcripts are not allowed. D. NEV. LOCAL R. 54-4(b). In many cases, RHA wishes to tax the cost of multiple transcript copies, and also includes amounts for delivery and special formatting. These costs are not taxable.

Accordingly, the Court will allow the following costs:

                    Villa Deposition:    $1,011.15
                    Chavez Deposition:    $688.58
                    Toney Deposition:    $565.65
                    Roces Deposition:    $845.50
                    Roces Deposition Vol. II:    $819.73
                    Juan Lopez Deposition:    $761.50

| | |
|---:|---:|
| Judith Lopez Deposition: | $898.45 |
| Judith Lopez Deposition Vol. II: | $469.35 |
| Farley Deposition: | $168.05 |
| Haile Deposition: | $432.70 |
| Morgan Deposition: | $168.60 |
| Acosta Deposition: | $162.45 |
| Rosen Deposition: | $274.15 |
| Hurst Deposition: | $176.40 |
| Dixon Deposition: | $188.30 |
| Jones Deposition: | $396.00 |
| Morton Deposition: | $523.05 |

Therefore, the taxable costs permitted for this category are $8,549.61.

### iii. Fees for witnesses

RHA seeks $40.83 in witness fees, paid to Northern Nevada Veterans Resource Center for its attendance at a deposition. Local Rule 54-4 provides that witness fees and mileage are taxable "when it is shown that attendance was necessary." Plaintiffs point out that this deposition was ultimately not taken, having been vacated by RHA. This shows the witness's attendance was not necessary. Accordingly, these costs are not taxable.

### iv. Fees for exemplification and the costs of making copies

RHA seeks $6,234.65 under this category. Local Rule 54-6(a) allows, in pertinent part, for the taxation of "[t]he cost of copies of an exhibit necessarily attached to a filed document." However, the following items are specifically disallowed: "(1) The cost of reproducing copies of motions, pleadings, notices, and other routine case papers; (2) The costs and page fees for electronic access to court records; [and] (3) The cost of copies obtained for an attorney's own use

. . . ." D. NEV. LOCAL. R. 54-6(b). Costs requested under this category must be itemized "with a detailed description of the specific nature of the costs and, when available, documentation to support the costs." *Id.* at (c).

The Court finds only two generic descriptions for all items billed in this category: "Pacer" and "Law Office." The description "Pacer" apparently refers to "costs and page fees for electronic access to court records," which are specifically non-taxable. But what "Law Office" signifies is anyone's guess. The Court can assume this refers generally to copying costs, but cannot find any clue as to the purpose for which the copies were made. The Local Rules require far more detail than this vague description provides. (For example, a description such as "Copies – Summary Judgment Motion Exhibits" would likely make the item taxable.)

Accordingly, the Court finds that the entire amount requested is non-taxable.

### v. Other costs

Finally, RHA seeks $6,276.50 in "other costs." This amount appears to consist of attorney travel and meal expenses, Westlaw legal research fees, and "postage." RHA has not shown that any of these items come within the parameters of the Local Rules or 28 U.S.C. § 1920; in fact, the lion's share of these costs are expressly disfavored by the Local Rules. *See* D. NEV. LOCAL R. 54-11(g), (j), (k).

Based on the foregoing analysis, the Court will award cost to RHA in the total amount of $8,789.61. The Court will also deny Plaintiffs' cursory request to defer the award of costs until their appeal of this case is finally decided. *See* FRCP 54(d) Advisory Committee's note to 1993 Amendments (emphasis added) ("If an appeal on the merits of the case is taken, *the court may rule* on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice . . . .").

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the objection to RHA's bill of costs (ECF No. 121) is SUSTAINED IN PART.

IT IS FURTHER ORDERED that costs shall be taxed in favor of RHA in the total amount of $8,789.61.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
July 2, 2018